46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold Eugene BRENT, Plaintiff-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6362.
 United States Court of Appeals, Tenth Circuit.
 Jan. 31, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Petitioner Harold Eugene Brent appeals the district court's denial of his "Motion to Reduce or Correct Sentence" pursuant to Fed.R.Crim.P. 35. We vacate the district court's denial of Petitioner's motion and remand for the district court to dismiss for lack of jurisdiction.
 
 
 2
 Petitioner was involved in a conspiracy to distribute "crack" cocaine until June 1988. In August 1988, Petitioner pleaded guilty to conspiring to distribute "crack" cocaine, 21 U.S.C. 846. In November 1988, Petitioner was sentenced to six years imprisonment, followed by four years supervised release. Petitioner did not appeal his sentence.
 
 
 3
 In April 1994, Petitioner filed a Fed.R.Crim.P. 35 "Motion to Reduce or Correct Sentence" requesting the district court to: (1) dismiss his federal detainer or order his federal sentence to run concurrent with his state sentence,[3] and (2) delete his term of supervised release. The district court did not address Petitioner's first ground in its order, but denied Petitioner's request to delete the term of supervised release. This appeal followed.
 
 
 4
 On appeal, Petitioner has abandoned the first ground of his Rule 35 motion and contends only that the district court erred in refusing to delete his term of supervised release. We conclude the district court had no authority to delete the term of supervised release under Rule 35.
 
 
 5
 Under Rule 35, the district court has the authority to correct or reduce a sentence in three specific situations. Subsection (a) empowers the district court to correct a sentence on remand from a court of appeals when it is determined on appeal that the sentence was imposed illegally, or through an incorrect application of the sentencing guidelines, or is unreasonable. Subsection (b) allows the court to reduce a sentence in certain circumstances upon motion by the government. Finally, subsection (c) enables the court to correct a sentence within seven days after it is imposed for arithmetic, technical, or other clear errors. By their terms, none of these provisions are applicable to the instant case.
 
 
 6
 Because no provision of Rule 35 gave the district court authority to correct or reduce Petitioner's sentence, the court should have dismissed for lack of jurisdiction. We therefore vacate the district court's denial of Petitioner's Rule 35 motion and remand to the court with instructions to dismiss for lack of jurisdiction.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 The record does not indicate what Petitioner's state sentence was for